Kersey v. City of Austin 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00499-CV







Don Kersey, Appellant



v.



City of Austin, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 484,512, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant Don Kersey sued appellee City of Austin alleging that his demotion
wrongfully deprived him of property without due course of law. See Tex. Const. art. I, §  19. 
Kersey moved for summary judgment on the basis that, as a matter of law, he possessed a
property right in his position with the City. The trial court denied the motion for summary
judgment, concluding that the City's personnel policies do not create a property interest in
employment with the City. The trial court later rendered a take-nothing judgment. In three points
of error, Kersey appeals, contending that: (1) the trial court erred in its conclusion that he had no
property interest in his employment; (2) he was deprived of this property interest without due
course of law; and (3) he is entitled to reinstatement. We will affirm the trial-court judgment.




FACTUAL AND PROCEDURAL BACKGROUND


 In October 1989, Philip Brown, Assistant Director of the City of Austin's Financial
Services Department, demoted Kersey from his position as Customer Accounting Manager on the
ground of unsatisfactory job performance. Kersey filed a grievance with the City's Grievance
Committee. Following a two-day hearing, the Grievance Committee recommended that Kersey
be reinstated. In February 1990, Brown requested that City Manager Camille Barnett reject the
Grievance Committee's recommendation. Kersey alleges that despite a specific request to be
notified of any appeal by the department, neither he nor his counsel received notification of the
appeal. Assistant City Manager Joseph Lessard reviewed the grievance materials and audio
recordings of the hearing. He prepared a memo to Barnett summarizing this information and
recommending that Kersey's demotion be upheld. (1) Barnett concurred with Lessard's
recommendation and reasons and upheld the demotion.

 In May 1990, Kersey sued the City for deprivation of property without due course
of law and Barnett, Lessard, and Brown individually for tort damages. Kersey moved for partial
summary judgment against the City on the property deprivation claim. On August 18, 1993, the
trial court held a hearing on the issue of whether employment with the City was a protectable
property interest. This hearing was held in conjunction with Byars v. City of Austin, No. 92-06533 (353rd Dist. Ct., Travis County, Tex., Mar. 8, 1994), aff'd, No. 3-94-211-CV (Tex.
App.Austin Mar. 29, 1995, writ requested), because the identical issue was also presented in that
cause. The trial court concluded that the City's personnel policies do not give rise to a property
interest in employment with the City and, therefore, denied Kersey's motion for partial summary
judgment. Kersey then nonsuited the individual defendants. The trial court rendered a final take-nothing judgment; (2) this appeal ensued. 


DISCUSSION


 The threshold issue of this appeal is whether Kersey has a property interest in his
employment with the City. Kersey contends that the combination of the Austin City Charter and
the City of Austin Personnel Policies Manual creates a protected property right to employment
that cannot be taken without due process. This precise question has already been answered by
this Court in our recent opinion in Byars v. City of Austin, No. 3-94-211-CV (Tex. App.Austin
Mar. 29, 1995, writ requested). 

 In Byars, we held that neither the city charter nor the personnel policies of the City
of Austin limit the power or discretion of the City Manager in her removal of city employees. 
Id. slip op. at 6. The personnel policies emphasize the City's discretion in termination decisions. 
Id. The cover letter to the policies manual from the City Manager expressly disclaims the creation
of an employment contract with the employee and stresses that the handbook merely provides
guidelines. "Far from expressly creating a contract or a protected interest in continued
employment, the personnel policies manual and the Austin City Charter clearly protect the City's
discretion in termination decisions." Id. at 7.

 Byars also specifically rejects Kersey's contention that the City Charter's statement
that the personnel policies have the "force and effect of law" restricts the City's discretion. We
explained that "because the policies grant discretion to department heads and final authority to the
City Manager, it is this discretion and authority which has the force and effect of law. This
language does not expressly, clearly, and specifically modify the at-will employment status of city
employees." Id. Similarly, we rejected the argument that the existence of a grievance procedure
created a property interest or altered the employee's at-will status. Id.

 Confronted with this controlling authority, Kersey argues that Byars was wrongly
decided. Kersey's main contention is that this Court did not adequately consider the supreme
court's decision in Grounds v. Tolar Independent School District, 856 S.W.2d 417 (Tex. 1993). 
Grounds presented the narrow issue of whether the legislature conferred on public school teachers
a constitutionally protected property interest by virtue of the Term Contract Nonrenewal Act
("TCNA"). Id. at 417. The TCNA provides for automatic contract renewal unless the school
district complies with certain prerequisites, including notice of preestablished reasons for
nonrenewal and a hearing. Id. at 418; see Tex. Educ. Code Ann. §§ 21.201-.211 (West 1987 &
Supp. 1995). Because of the combination of teachers' contractual rights and the restraints placed
by the statute on a district's ability to nonrenew these contracts, the supreme court held that
Grounds had a protectable property interest. Id. at 420. The court stressed that the TCNA was
specifically designed to give teachers due process rights when school districts decide to nonrenew
contracts. Id. Texas teachers thus enjoy a unique situation whereby the legislature, through the
TCNA, has specifically created a property interest in their employment.

 This is not the case, however, with City of Austin municipal employees. Kersey
does not have an employment contract with the City. Likewise, he does not have a statutory right
to contract renewal absent discharge for preestablished reasons. While Texas teachers have both
employment contracts and statutory restrictions on nonrenewal, Kersey has neither. Unlike school
districts, the City never loses its discretion over personnel matters. See Byars, slip op. at 6-7. 
Consequently, the supreme court's holding in Grounds does not control this appeal.

 Consistent with our holding in Byars, we hold that Kersey does not have a property
interest in his employment with the City. Absent a property interest, Kersey was not entitled to
more procedural protection than he received. Consequently, the trial court did not err in rejecting
Kersey's motion for summary judgment and rendering judgment for the City. We overrule points
of error one, two, and three.


CONCLUSION


 The trial court's judgment is affirmed.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 21, 1995

Do Not Publish
1.   Kersey also alleges that Lessard excluded significant material evidence in his favor
from the memorandum.
2.   Because the trial court granted summary judgment for the City in Byars, and
because both cases turned on the same threshold legal issue, the parties agreed that the City
did not need to file a formal motion for summary judgment in the present case.